IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 29, 2020

## IN RE JAYDEN E.

**Appeal from the Circuit Court for Roane County**
**No. 2015-CV-124    Michael S. Pemberton, Judge**

_____

### No. E2019-01964-COA-R3-JV

_____

The Notice of Appeal filed by the appellant, Regina E., stated that the appellant was appealing the judgment entered on October 4, 2019 and the order of adjudication entered on April 24, 2017. As neither of these orders constitutes a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. McCLARTY, J.; THOMAS R. FRIERSON, II, J.

Julianna Loden Mason, Knoxville, Tennessee, for the appellant, Regina E.

Tabethia M., Knoxville, Tennessee, pro se appellee.

Zachary Jace Cochran, Dayton, Tennessee, guardian ad litem.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case,

dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, the notice of appeal filed on November 4, 2019, states that the appellant, Regina E., is appealing the judgment entered on October 4, 2019 and the order of adjudication entered on April 24, 2017. A review of the record on appeal reveals that the April 24, 2017 order appears to have been a final judgment as to the dependency and neglect appeal from the juvenile court to the circuit court. Specifically, the April 24, 2017 order found by clear and convincing evidence that the child was dependent and neglected and provided for disposition by ordering that the child would remain in the custody of Tabethia M. *See, In re Tamera W.*, 515 S.W.3d 860, 868-69 (Tenn. Ct. App. 2016) (explaining two step analysis in dependency and neglect proceedings, which involves making a finding as to whether the child is dependent and neglected and then making a disposition "best suited to the protection and physical, mental and moral welfare of the child," which could include remaining in the home or removal from the home). As such, the April 24, 2017 order was a final judgment as to dependency and neglect. The April 24, 2017 order was not timely appealed to this Court. *See* Tenn. R. App. P. 4 ("the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from. . .."). We are not at liberty to suspend the time limit for filing a notice of appeal. *See* Tenn. R. App. P. 2 ("this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4. . ..").

The October 4, 2019 order, which resolved a motion regarding visitation, does not appear to be a final appealable judgment as it specifically states that it "is a temporary order; it is not a final order," and it temporarily suspends visitation and gives the mother two "pathways to recommence visitation," thereby anticipating the necessity for further hearing or action from the Trial Court.

The appellant filed a response to our show cause order stating that the record on appeal failed to contain the April 24, 2017 order and the order appointing counsel and requesting that the record be supplemented with these orders. Appellant, however, did not address whether either the April 24, 2017 or the October 4, 2019 order constituted a final appealable judgment. By Order entered February 18, 2020, this Court granted the motion to supplement the record. The supplement to the record has been received, but the record still fails to contain a final judgment from which an appeal would lie.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As an appeal of the April 24, 2017 order was not timely filed, and the October 4, 2019 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant for which execution may issue.

_____
D. MICHAEL SWINEY CHIEF JUDGE